UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

1009 4th Street LLC,                    Case No. 6:24-bk-01629-LVV
    Debtor(s).                          Chapter 13
_____/

**FIRST FEDERAL BANK'S REQUEST FOR EXPEDITED CONSIDERATION OF ITS MOTION TO CONFIRM THE AUTOMATIC STAY IS NOT IN EFFECT**

COMES NOW, secured creditor, FIRST FEDERAL BANK ("Movant"), by and through its attorney, and moves pursuant to 11 U.S.C. § 362 and L.R. 9013-1(e) for expedited consideration to confirm that the automatic stay is not in effect with respect to real properties located at 2164 Estevez Drive, The Villages, Florida 32159 ("2164 Estevez") and 2166 Estevez Drive, The Villages, Florida 32159 ("2166 Estevez") (collectively the "Properties"), and in support, states as follows:

ISSUE

Whether 1009 4th Street LLC's ("Debtor") Chapter 11 Subchapter V bankruptcy case imposed the automatic stay upon Movant's security interest in the Properties as property of the Debtor's bankruptcy estate when the Properties are owned by separate legal entities and not owned by the Debtor.

MOVANT'S POSITION

The automatic stay is not in effect as to Movant's secured interest in the Properties because the Properties are not owned by the Debtor and therefore are not property of the Debtor's bankruptcy estate under Florida law.

QPWB# FL-001529-22

<u>REQUEST FOR EXPEDITED CONSIDERATION</u>

Pursuant to L.R. 9013-1(e), Movant requests expedited consideration of its Motion to Confirm the Automatic Stay is Not in Effect. Movant has a Motion for Summary Judgment hearing scheduled on May 10th, 2024 in state court to foreclose Movant's secured interest in the Properties. Movant requests an expedited hearing be set between April 22, 2024 and April 26, 2024 so the state court hearing is not delayed in the event Movant prevails. Additionally, Debtor's counsel, Mr. Ainsworth, is currently out of the country and will return next week, so the proposed dates should provide Mr. Ainsworth time to review this motion.

<u>JURISDICTION</u>

The Court has jurisdiction as this is a core proceeding pursuant to 11 U.S.C. § 362, Fed. R. Bankr.P. 4001, and the various other provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

<u>FACTUAL HISTORY</u>

1.  On August 22, 2017, Movant, as successor by merger to CBC National Bank, made a U.S. Small Business Administration Loan to Debtor, a Florida limited liability company, and Leesburg Car Repair LLC, a Florida limited liability company, in the principal amount of $885,000.00. See the Note and Mortgage attached as **Exhibit "A"** and a copy of the Security Agreement attached as **Exhibit "B"**.

2.  Youssef El-Masry ("El-Masry") is the sole obligor of the Note as Manager of The Debtor. El-Masry is the sole Mortgagor of the Security Agreement as Manager of the Debtor.

3.  On August 22, 2017, contemporaneously with the execution of the Note and Security Agreement, the following instruments, including, but not limited to the below, were given to Movant as collateral for the loan:

   a. Mortgage granted by 1009 4th Street LLC and Leesburg Car Repair LLC to property referred to as 1009-1011 S. 14th Street and 1410 Colfax Street.

   b. Assignment of Rents granted by 1009 4th Street LLC.

   c. Assignment of Leases and Rents granted by 1009 4th Street LLC.

   d. Environmental Indemnity Agreement.

   e. Mortgages for properties referred to as 2164 Estevez Drive and 2166 Estevez Drive. The Mortgages are collectively attached as **Exhibit "C"**.

4. On October 1, 1999, a Quit Claim Deed deeded the 2164 Estevez property to Youssef N. El-Masry or Earlene F. Peyton, trustees, or successor trustee(s) of the El-Masry Family Trust dated October 1, 1999. A copy of the Quit Claim Deed is attached as **Exhibit "D"**.

5. On November 30, 2005, a Warranty Deed transferred ownership of the 2166 Estevez property to Trust No. 2166, dated November 14, 2005, Land Trust Service Corporation a Florida Corporation. A copy of the Warranty Deed is attached as **Exhibit "E"**.

6. On July 8, 2022, Movant filed a foreclosure action against Debtor and other interested parties in the Circuit Court of Lake County, Florida case 2022-CA-001235.

7. On October 4, 2022, El-Masry individually filed chapter 13 bankruptcy in the Middle District of Florida as case 6:22-03575-TPG.

8. On February 1, 2023, Judge Geyer entered an order confirming the automatic stay was not in effect as to property located at 1009 S. 14th Street, Leesburg, Florida 34748 because the property was owned by 1009 4th Street Trust LLC, not Mr. El-Masry individually as the sole member of the 1009 4th Street Trust LLC. (ECF No. 37).

9. Shortly thereafter, on February 13, 2023, El-Masry voluntarily dismissed its chapter 13 case, and the case was officially dismissed on February 14, 2023. (ECF nos. 39 and 40,

respectively).

10. On January 24, 2024, a Final Judgment of Foreclosure was entered in the amount of $991,622.87 for properties owned by Debtor located at 1009-1011 S. 14th Street and 1410 Colfax Street, Leesburg, FL 34748.

11. On March 4, 2024, the Clerk issued a Notice of Sale with a sale date of April 2, 2024 for properties 1009-1011 S. 14th Street and 1410 Colfax Street, Leesburg, FL 34748.

12. On March 13, 2024, Movant filed a Motion for Summary Judgment to foreclose on the 2164 Estevez and 2166 Estevez Properties. The Motion for Summary Judgment is set for hearing on May 10, 2024.

13. On April 2, 2024, Debtor filed bankruptcy on the sale date of the 1009-1011 S. 14th Street and 1410 Colfax Street properties.

14. A review of Sunbiz.org reflects that Debtor is an inactive limited liability company exclusively held and controlled by El-Masry. See **Exhibit "F"**.

## LEGAL ARGUMENTS

15. The automatic stay is not in effect as to Movant's secured interest in the Properties because the Properties are not property of Debtor's bankruptcy estate under Florida law since the Properties are not owned by the Debtor.

16. Section 541(a)(1) of the Code provides that "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Though federal law determines whether debtor's interest in property become property of the bankruptcy estate, it is applicable state law that determines the nature and extent of those interests. In re Johnson, 608 B.R. 784, 788 (Bankr. S.D. Ga. 2019) (citing Southtrust Bank of Ala., N.A., v. Thomas (In re Thomas), 883 F.2d 991, 995 (11th Cir. 1989).

17. In this case, the Properties are not property of the bankruptcy estate under Section 541(a) of the bankruptcy code because Debtor does not have a legal or equitable interest in the Properties.

18. The Properties are owned by separate legal entities, namely Youssef N. El-Masry or Earlene F. Peyton, trustees, or successor trustee(s) of the El-Masry Family Trust dated October 1, 1999 and Trust No. 2166, dated November 14, 2005, Land Trust Service Corporation a Florida Corporation and constitute property separate from the Debtor.

19. The Debtor may claim that the Properties are included in Debtor's bankruptcy estate by virtue of sharing the same sole manager and personal obligor (El-Masry) as the different entities that own the Properties.

20. However, the Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members. In re. Whittle, 449 B.R. 427, 430 (Bankr. M.D. Fla. 2011). A member of an LLC "has no interest in any specific limited liability company property." In re Lloyd, No. 8:22-bk-00740-RCT, 2022 WL 2196746, at *2 (Bankr. M.D. Fla. 2022). [I]n bankruptcy, the estate of a member of a Florida LLC does not include the separate property of the LLC. In re Thompson, 2022 Bankr. LEXIS 1733, 4 (Bankr. M.D. Fla. 2022).

21. Thus, the Properties owned by entities other than the Debtor cannot be brought into the Debtor's bankruptcy estate.

22. Consequently, since the Properties are not property of the Debtor's bankruptcy estate, the automatic stay does not apply to the Properties and Movant can proceed with its state court remedies against the Properties. A proposed order is attached as **Exhibit "G"**.

**WHEREFORE**, Movant respectfully requests this Court set an expedited hearing and enter an order that confirms the automatic stay is not in effect as to Movant's secured interest in

the Properties, and grant the following:

    A.    That the Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    B.    Movant is entitled to an award of its attorney's fees and costs to bring this motion.

    C.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    D.    For such other relief as the Court deems proper.

Dated: April 9, 2024

                      Respectfully submitted,

                      */s / Justin Plean*
                      Justin Plean, Esq.
                      Florida Bar No. 113887
                      Attorney for Movant
                      Quintairos, Prieto, Wood & Boyer, PA
                      1475 Centrepark Blvd., Suite 130
                      West Palm Beach, FL 33401
                      Phone: (561) 686-1880
                      Fax: (561) 686-1886
                      Primary Email: justin.plean@qpwblaw.com

## CERTIFICATE OF SERVICE

      I certify that I have caused to be served a copy of the foregoing First Federal Bank's Motion to Confirm that the Automatic Stay is Not in Effect, by first class mail, postage prepaid or by CM/ECF electronic filing upon the parties listed below on this day.

Dated: April 9, 2024                                                          /s/ Justin Plean
                                                                                                             Justin D. Plean

Copies Furnished To:

By CM/ECF Receipt:                                                         By Mail:

Jeffrey Ainsworth                                                          1009 4th Street LLC
BransonLaw PLLC                                                            1009 S. 14th Street
1501 E. Concord Street                                                     Leesburg, FL 34748
Orlando, FL 32803
Email: jeff@bransonlaw.com

Robert B Branson
BransonLaw PLLC
1501 E. Concord Street
Orlando, FL 32803
Email: robert@bransonlaw.com

United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801
Email: USTP.Region21.OR.ECF@usdoj.gov

Jill E Kelso
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Email: jill.kelso@usdoj.gov

Jerrett M McConnell
McConnell Law Group, P.A.
6100 Greenland Road, Unit 603
Jacksonville, FL 32258
E-mail: trustee@mcconnelllawgroup.com