UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

1009 4th Street, LLC,                              Case No.:   6:24-bk-01629-LVV
                                                   Chapter 11

        Debtor.
_____/

## UNITED STATES TRUSTEE'S
## OBJECTION TO DEBTOR'S SUBCHAPTER V ELECTION

Mary Ida Townson, United States Trustee for Region 21 **("UST")**, by and through the undesigned counsel, objects to the election to proceed under Subchapter V of Chapter 11 made by 1009 4th Street, LLC **("Debtor")**.   The Debtor's primary activity is the business of owning single asset real estate. The Debtor does not generate any income including that derived from its affiliated entity that operates a car repair business on the real property.    The Debtor's business activity *exclusively* relates to informally leasing the property to its affiliated entity.    In further support, the UST states:

## BACKGROUND

1.        On April 2, 2024, Debtor filed a voluntary petition **("Petition")** for relief under Chapter 11 commencing the instant bankruptcy case (Dkt. 1).

2.      Debtor elected to proceed under Subchapter V of Chapter 11 based on the assertion that it is a debtor under § 1182(1) of Title 11 of the United States Bankruptcy Code **("Code")**.

3.      In response to Question 7 of the Petition ("Describe debtor's business"), Debtor failed to check the box for "Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))" and instead checked the box for "None of the above."    In response to Question 8 on the Petition, Debtor indicated it was a "debtor as defined in 11 U.S.C. § 1182(1)."

4.      "[T]he status of the case as a small business case or a case under subchapter V of chapter 11 shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect." Fed. R. Bankr. P 1020(a).

5.      But "a party in interest may file an objection to the debtor's statement under subdivision (a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later."    Fed. R. Bankr. P 1020(b).

6.      On May 6, 2024, the UST held and concluded the Section 341(a) meeting of creditors, therefore this objection is timely filed.

**OBJECTION**

7.    The UST objects to Debtor's Subchapter V election because Debtor's primary activity is owning single asset real estate.    To reorganize under Subchapter V, a debtor must be a "debtor" as defined in 11 U.S.C. § 1182(1).    That definition specifically excludes debtors whose "primary activity … is the business of owning single asset real estate." *See* 11 U.S.C. § 1182(1).

8.    The Code defines "single asset real estate" as "a single property or project, other than residential real property with fewer than four residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." 11 U.S.C. § 101(51B).

9.    For a debtor to be considered a single asset real estate debtor, three criteria must be met:

(i)    the debtor must have real property constituting a single property or project (other than residential real property with fewer than 4 residential units);

(ii)    which generates substantially all the gross income of the debtor; and

(iii)    on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto.

3

*See In re ENKOGS1, LLC,* 626 B.R. 860, 863 (Bankr. M.D. Fla. 2021) (Jennemann, J.); *In re 218 Jackson LLC*, 6:21-BK-00983-LVV, 2021 WL 3669371, at *2 (Bankr. M.D. Fla. June 3, 2021) (Vaughan, L.).

10.   According to Debtor's Schedules, its only asset is real property comprising a single parcel located at 1009 S. 14th Street, Leesburg, FL 34748. According to the Case Management Summary (Dkt. 8), Debtor's principal place of business is located at 1009 S. 14th Street, Leesburg, FL 34748 (**"Property"**). Debtor owns the Property, and the operating company, Leesburg Car Repair, LLC, d/b/a Auto Masters of Leesburg, an affiliated debtor proceeding in Subchapter V of Chapter 11 in Case No. 6:24-bk-01630-LVV, operates an automative repair shop on the premises.   (*Id*. at 4.)   As a result, Debtor satisfies the first criteria by having real property constituting a single property or project.

11.   Based on the filings in this case and the testimony of Mr. Youseff N. El Masry (Debtor's managing member and authorized representative) at the Section 341(a) Meeting of Creditors,[1]   Debtor's primary asset is the Property, and the Debtor has zero income.   The Statement of Financial Affairs (Dkt. 17) reflects $0.00 in annual gross revenue (Dkt. 17 at 1.)   As a result, Debtor satisfies the second criteria

[1] The UST reserves the right to amend this objection to supplement with specific quotations and references from the transcript of the Section 341(a) Meeting of Creditors.

4

in that the Property is the only source that can generate substantially all of Debtor's gross income, which in this case is $0.00.

12.     Mr. El Masry testified that Debtor's business activity *exclusively* relates to permitting Leesburg Car Repair, LLC to utilize the Property in the operation of its business, although there is not a written lease, and no lease payments are, or ever have been, received by Debtor.    Mr. El Masry also testified that Debtor has no employees, no income, no expenses, and never had a bank account.    Like the debtor in *In re Kara Homes, Inc.,* all of Debtor's activities are incidental to the real Property and do not equate to "substantial business" separate and apart from the real Property.[2]   363 B.R. 399 (Bankr. D. N.J. 2007).   In fact, "[m]ost cases have held

---

[2] According to the court in *In re Kara Homes, Inc.:*

> Similarly, other courts have followed a similar analysis, in declining to find a "single asset real estate" case where the real estate was not just a passive investment, but the site of various income producing activities. *See, In re Prairie Hills Golf & Ski Club,* 255 B.R. 228 (Bankr. D. Neb. 2000) (Debtor is not single asset real estate where it builds and sells residences, constructs roads to residences, golf and ski areas, removes snow from golf and ski area, sells liquor in the clubhouse and leases golf and ski area to third party); *Centofante v. CBJ Dev. Inc., (In Re CBJ Dev. Inc.),* 202 B.R. 467 (9th Cir. BAP 1996) (hotel is not single asset real estate because bar, gift shop and restaurant constitute significant other business); *In re Larry Goodwin Golf, Inc.,* 219 B.R. 391 (Bankr. M.D. N.C. 1997) (golf course, golf cart rentals, pool, concessions, and undeveloped property for sale constitute "substantial business" and not holding property solely for income); *In re CGE Shattuck LLC,* 1999 WL 33457789 (Bankr. D. N.H. 1999) (not single

that construction and land development activities . . . do not constitute a substantial business activity separate from operation of the property as required by § 101(51B)." *In re Lagoon Breeze Dev. Corp.,* BR 10-15177-MM11, 2011 WL 1624988, at *2 (Bankr. S.D. Cal. Apr. 26, 2011).   As a result, Debtor satisfies the third criteria.

13.     Accordingly, Debtor must be considered a single asset real estate debtor.

14.     Therefore, Debtor is excluded from the definition of "debtor" under 11 U.S.C. § 1182(1) and is not permitted to proceed under Subchapter V.

## CONCLUSION

As evidenced by Debtor's filings and the Section 341meeting testimony of Mr. El Masry, Debtor's primary activity is owning single asset real estate. Therefore, Debtor is not eligible to reorganize under Subchapter V.   The United

---

asset case where real property does not generate substantially all of the debtor's gross income and percentage of revenues are derived from pro shop, golf rentals and golf-related services); *In re Whispering Pines Estate, Inc.*, 341 B.R. 134 (Bankr. D. N.H. 2006) (operation of a hotel is sufficiently active in nature to constitute a business other than mere operation of property).

From these cases, it is palpably clear that a "single asset real estate" case is one in which the debtor performs functions intrinsic to owning and developing the real estate and not one where the debtor generates income from other activities not incidental thereto.

363 B.R. 399, 405–06 (Bankr. D.N.J. 2007).

6

States Trustee requests that the Court enter an order: (1) declaring *nunc pro tunc* to the Petition Date that Debtor's bankruptcy case cannot proceed under Subchapter V because Debtor is a single asset real estate entity; and (2) granting such other and further relief as the Court deems just and proper.

Date: May 8, 2024

Respectfully Submitted,

Mary Ida Townson
United States Trustee, Region 21

     */s/   Jill Ellen Kelso*
Jill Ellen Kelso, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Florida Bar No.: 0578541
George C. Young Federal Building and Courthouse
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6286
Facsimile No.: (407) 648-6323
Jill.Kelso@usdoj.gov

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Objection has been served electronically through CM/ECF on May 8, 2024, to all parties having appeared electronically in the instant matter. **I HEREBY CERTIFY** further that a copy hereof shall be served by U.S. Mail, postage prepaid, on May 8, 2024 to the following:

1009 4th Street, LLC
1009 S. 14th Street
Leesburg, FL 34748

Jeffrey Ainsworth, Esquire
BransonLaw PLLC
1501 E. Concord Street
Orlando, FL 32803

_/s/   Jill Ellen Kelso_
Jill Ellen Kelso, Trial Attorney

8