UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

1009 4th Street LLC,
    Debtor(s).
_____/

Case No. 6:24-bk-01629-LVV
Chapter 11
Subchapter V

### FIRST FEDERAL BANK'S MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE

COMES NOW, secured creditor, FIRST FEDERAL BANK ("Movant"), by and through its undersigned counsel, and moves pursuant to 11 U.S.C. § 1112(b) to dismiss 1009 4th Street LLC's ("Debtor") Chapter 11 Subchapter V for cause, and in support thereof, states as follows:

#### JURISDICTION

The Court has jurisdiction as this is a core proceeding pursuant to 11 U.S.C. § 1112, and the various other provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

#### FACTUAL BACKGROUND

1. Movant issued a U.S. Small Business Administration Loan to the Debtor and Leesburg Car Repairs, LLC in the principal amount of $885,000.00 for the Debtor's commercial properties located at 1009-1011 S. 14th Street and 1410 Colfax Street in Leesburg, Florida (the "Commercial Properties").

2. Youseff El-Masry ("El-Masry") is the Managing Member of the Debtor and Leesburg Car Repairs, LLC, as well as the personal guarantor for the commercial loan. The commercial loan is also collateralized by various other real properties owned or controlled by non-Debtor entities or individuals.

3. On April 2, 2024, the Debtor filed for Chapter 11 Subchapter V bankruptcy

protection.

4. On May 6, 2024, the US Trustee's Office ("UST") conducted the 341 Meeting of Creditors. El-Masry testified in his capacity as the Managing Member of the Debtor.

5. On May 8, 2024, the UST filed an objection to Debtor's Subchapter V Election because the Debtor is a single asset real estate debtor and doesn't qualify for Chapter 11 Subchapter V. (ECF No. 30). The UST's objection derives from El-Masry's testimony at the 341 Meeting of Creditors that unequivocally establishes the Debtor is a single asset real estate debtor. The UST's objection seeks an order declaring *nunc pro tunc* to the petition date that the Debtor's Subchapter V cannot proceed because Debtor is a single asset real estate debtor.

## PROCEDURE

6. 11 U.S.C. § 1112(b) allows the court broad discretion to dismiss a case for cause. In re SR Real Estate Holdings, LLC, 506 B.R. 121, 125 (Bankr. S.D.C.A. 2014). Cause exists where a debtor lacks good faith in filing its case. Id.

7. A Movant bears the burden of proving by a preponderance of the evidence that cause to dismiss exists. In Re Uptown Bus. Ctr., LLC, 2013 Bankr. LEXIS 4324, 10 (Bankr. S.D.I.N. 2013).

8. 11 U.S.C. § 1112(b)(2) provides that a case may not be dismissed if the Debtor comes forward to rebut the showing made by the Movant by establishing that there is a reasonable likelihood that a plan will be confirmed within applicable time frames and that acts or omissions that are the cause for dismissal were reasonably justified and will be cured within a reasonable amount of time fixed by the court. Id.

## LEGAL ARGUMENTS

**I.  Debtor's Chapter 11 Subchapter V should be dismissed for cause pursuant to 11 U.S.C. § 1112(b)(1) because the Debtor is a single asset real estate debtor that lacked good faith when it filed for Subchapter V bankruptcy protection it was not entitled to.**

9. The filing of a single asset real estate debtor is not, by definition, a bad faith filing considering 11 U.S.C. § 362(d)(3) contemplates such filings will occur. Id. Courts have historically used a "totality of circumstances" approach to determine whether a single asset real estate debtor filed its Chapter 11 case in good faith. Id.

10. The filing of a single asset real estate case may be filed in bad faith where (1) the debtor has few or no unsecured creditors; (2) there has been a previous bankruptcy petition by the debtor or a related entity; (3) the debtor has engaged in improper pre petition conduct; (4) the petition allows the debtor to evade court orders; (5) there are few debts to non moving creditors; (6) the petition was filed on the eve of foreclosure; (7) the foreclosed property is the sole or major asset of the debtor; (8) the debtor has no ongoing business or employees; (9) there is no possibility of reorganization; (10) the debtor's income is not sufficient to operate; (11) there was no pressure (to dismiss the case) from non moving creditors; (12) the debtor's reorganization essentially would involve the resolution of a two-party dispute; (13) a corporate debtor was formed and received title to its major assets immediately before the petition; and (14) the debtor has filed the Chapter 11 case solely to invoke the automatic stay. Id.

11. In this case, Movant proves by a preponderance of the evidence that 13 out of the 14 factors in the totality of circumstances test are satisfied.

12. First, the Debtor has few or no unsecured creditors. A review of the Debtor's schedules D and E/F identifies that the only secured creditor listed is the Movant, and the only

potential unsecured creditor stems from a personal injury negligence lawsuit against the Debtor. Thus, the first factor is met.

13.     Second, there has been a previous bankruptcy petition from the Debtor or another entity. El-Masry (the Managing Member of the Debtor) filed an individual chapter 13 bankruptcy case in the Middle District of Florida as case 6:22-bk-03575-TPG. In that case, El-Masry filed a chapter 13 plan that improperly proposed to cure the pre-petition arrearage to Movant and maintain the post-petition mortgage payment for the Commercial Properties. (ECF No. 2). However, El-Masry voluntarily dismissed his individual chapter 13 case after the Court ruled in favor of the Movant that property (the Commercial Properties) owned by this Debtor, and not El-Masry individually, were not property of El-Masry's individual bankruptcy estate. (ECF No. 37). Thus, the second factor has been satisfied.

14.     Third, the Debtor has engaged in improper pre-petition conduct. In 2018, El-Masry was notified before closing on the Commercial Properties that an environmental issue existed on the Commercial Properties. Movant required as a condition to the commercial loan that El-Masry resolve the petroleum release issue. However, El-Masry failed to take any action whatsoever to resolve the petroleum release issue with the Department of Environmental Protection, town of Leesburg, or Lake County. Due to El-Masry's and the Debtor's inaction, Movant stepped in at significant financial cost to resolve the environmental issues and protect Movant's interest in the Commercial Properties.

15.     In addition to the environmental issue, El-Masry individually filed Chapter 13 bankruptcy to delay Movant's state court remedies, and improperly sought to cure pre-petition arrears and maintain post-petition payments on the Commercial Properties owned by the Debtor, and not El-Masry individually. Thus, the third factor has been satisfied.

16.     Fourth, the petition allows the Debtor to evade court orders. Here, the filing of Debtor's bankruptcy enables the debtor to avoid foreclosure sale of the Commercial Properties in Lake County case 2022-CA-001235 and circumvent the foreclosure of Movant's foreclosure judgment. Thus, the fourth factor is met.

17.     Fifth, there are few debts to non moving creditors. Here, there is no other debt owed to any other secured or unsecured creditor other than a potential personal injury lawsuit. Thus, the fifth factor is met.

18.     Sixth, the bankruptcy petition was filed on the eve of foreclosure. Here, a foreclosure sale on the Debtor's Commercial Properties was scheduled for April 2, 2024. The Debtor filed its bankruptcy petition on April 2, 2024, the same date of the foreclosure sale. Consequently, the foreclosure sale was cancelled. Thus, the sixth factor was met.

19.     Seventh, the foreclosed property is the sole or major asset of the Debtor. Here, the Debtor's Schedule A lists the subject Commercial Properties as the only asset of the Debtor at a $750,000.00 value. Thus, the seventh factor is satisfied.

20.     Eighth, the Debtor has no ongoing business or employees. At the 341 Meeting of Creditors, El-Masry testified that the Debtor has no employees, no income, no bank account, no expenses, and no written lease with Leesburg Car Repairs, LLC. Moreover, El-Masry testified that the Debtor's sole business activity is to permit Leesburg Car Repairs, LLC to utilize the property to operate Leesburg Car Repairs, LLC's business. Thus, the eight factor has been satisfied.

21.     Ninth, there is no possibility of reorganization. Here, the Debtor has no income, no bank account, no expenses, and no path to generate income to re-organize its debts. The Debtor's reorganization plan seems to hinge on an illusory preference theory that Debtor can recover a

payment made to Movant by a third-party bona fide purchaser of real property that was not owned by the Debtor.

22.     Preliminarily, the Debtor's proposed path to reorganization has fatal flaws. First, the subject payment was made by a third-party bona fide purchaser to Movant, and the payment was not made by the Debtor nor El-Masry to Movant. Second, there is no evidence whatsoever that the Debtor was insolvent at the time the payment was issued (or when this case was filed). Third, it's difficult to conceive how the subject payment constitutes a preference payment when Movant is the only secured creditor, would have received the same or greater distribution in a liquidation, and the only other potential creditor in the case derives from a disputed negligence lawsuit. Thus, there is no possibility of reorganization and the ninth factor is satisfied.

23.     Tenth, the Debtor's income is insufficient to operate. The Debtor's petition does not list any income and El-Masry testified the Debtor does not generate income. Thus, the tenth element is satisfied.

24.     Eleventh, there was no pressure to dismiss the case from non-moving creditors. This factor is satisfied as there is no evidence on the court docket of any other creditor seeking to dismiss the case. Thus, the eleventh factor is satisfied.

25.     Twelfth, the Debtor's reorganization essentially would involve the resolution of a two-party dispute. The Debtor's Subchapter V case entirely revolves around the resolution of a two-party dispute between the Movant and Debtor, and not between Debtor and any other creditor. Thus, the twelfth factor is satisfied.

26.     The thirteenth factor is whether a corporate debtor was formed and received title to its major assets immediately before the petition. Debtor was created in 2017, years before the

bankruptcy cases were filed. However, the Debtor is currently an inactive LLC that hasn't filed an annual report with the state of Florida since 2020.

27. The fourteenth factor is that the Debtor has filed the Chapter 11 case solely to invoke the automatic stay. This factor is satisfied because there is no other reason the Debtor would be in Chapter 11 Subchapter V bankruptcy. The Debtor generates no income, has no expenses, has one secured creditor, and one disputed unsecured creditor from a negligence action. Moreover, the Debtor filed bankruptcy on the same date as the foreclosure sale for the sole purpose of invoking the automatic stay to cancel the foreclosure sale. Thus, the fourteenth factor is established.

28. Lastly, while not part of the totality of circumstances test, the Court can consider other bad faith conduct by the Debtor and/or El-Masry for unfair manipulation of the bankruptcy code. Goeb v. Held (In re Goeb), 675 F.2d 1386, 1391 (9th Cir. 1982).

29. Here, Debtor failed to check the box for Single Asset Real Estate and instead checked "none" on question seven (7) of Debtor's petition. This gamesmanship may be common in Chapter 11. However, this case is distinguished because the Debtor's conduct violated 11 U.S.C. § 1182(1) when the Debtor proceeded with the more favorable Subchapter V despite Debtor's ineligibility.

30. The Debtor and El-Masry improperly manipulated chapter 13 of the bankruptcy code to hinder or delay Movant from proceeding with its state court remedies as previously addressed in paragraph 13, resulting in the dismissal of El-Masry's individual chapter 13 case.

31. On April 30, 2024, the Debtor and Leesburg Car Repairs, LLC filed a Motion for Joint Administration (the "MJA"). (ECF No. 20). The MJA coincidentally proposes Leesburg Car Repair LLC be the "lead" case. Consequently, Debtor would conveniently circumvent Debtor's single asset real estate status and ineligibility for Subchapter V pursuant to 11 U.S.C. § 1182(1).

32. The results of the totality of circumstances test and Debtor's pattern of bad faith conduct to unfairly manipulate the bankruptcy code overwhelmingly establishes by a preponderance of the evidence that the Debtor lacked good faith when it filed its Chapter 11 Subchapter V case. Thus, the Debtor's bankruptcy case must be dismissed.

**II. The Debtor's Chapter 11 Subchapter V case must be dismissed for cause pursuant to 11 U.S.C. § 1112(b)(4) because the Debtor failed to maintain appropriate insurance that poses a risk to the estate or public and failed to comply with an order of the Court.**

33. 11 U.S.C. §§ 1112(b)(4)(C) and (E) allows the Court to dismiss a case for cause when (C) the Debtor fails to maintain appropriate insurance that poses a risk to the estate or to the public; or (E) when the Debtor fails to comply with an order of the Court.

34. Here, the Debtor is required to maintain wind hazard insurance on the Commercial Properties. The Debtor was notified by Movant that if the Debtor failed to obtain wind hazard insurance, then Movant would force place wind hazard insurance on the Commercial Properties. See **Exhibit 1**. The Debtor failed to obtain wind hazard insurance and as a result, Movant has forced placed wind hazard insurance on the Commercial Properties. Debtor's failure to obtain wind hazard insurance poses a risk to the estate because Movant's secured interest in the Commercial Properties would be significantly jeopardized in the event of hurricane damage.

35. Not only did Debtor fail to obtain wind hazard insurance, but Debtor also failed to comply with the Court's order in the Leesburg Car Repairs LLC case (6:24-bk-01630-LVV) which granted Debtor's Motion for Use of Cash Collateral (the "Order"). (ECF No. 33). Paragraph five (5) of the Order requires the Debtor to maintain insurance coverage for its property in accordance with the obligations under the loan and security documents with Secured Creditors. Debtor has

failed to comply with the Order because Debtor failed to obtain wind hazard insurance coverage for the Commercial Properties.

36. Thus, Movant has established cause by a preponderance of the evidence for the Court to dismiss this case due to Debtor's failure to obtain wind hazard insurance and failure to comply with the Court's Order.

**WHEREFORE**, Movant respectfully requests this Court dismiss Debtor's Chapter 11 Subchapter V case for cause and award any other relief the Court deems just and proper.

Dated: May 10, 2024                                Respectfully submitted,

*/s / Justin Plean*
Justin D. Plean, Esq.
Florida Bar No. 113887
Email: justin.plean@qpwblaw.com
Arthur C. Neiwirth, Esq.
Florida Bar No. 289061
Email: arthur.neiwirth@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, PA
1475 Centrepark Blvd., Suite 130
West Palm Beach, FL 33401
Phone: (561) 686-1880
Fax: (561) 686-1886
Attorneys for Movant

## **CERTIFICATE OF SERVICE**

I certify that I have caused to be served a copy of the foregoing Motion to Dismiss, by first class mail, postage prepaid or by CM/ECF electronic filing upon the parties listed below on this day.

Dated: May 10, 2024                                                              /s/ Justin Plean
                                                                                                  Justin D. Plean, Esq.

Copies Furnished To:

By CM/ECF Receipt:                                                            By Mail:

Jeffrey Ainsworth                                                                  1009 4th Street LLC
Robert Branson                                                                     1009 S. 14th Street
Jacob D Flentke                                                                     Leesburg, FL 34748
BransonLaw PLLC
1501 E. Concord Street                                                          Leesburg Car Repair LLC
Orlando, FL 32803                                                                 904 Edith Drive
Email: jeff@bransonlaw.com                                                Fruitland Park, FL 34731
Email: robert@bransonlaw.com
Email: jacob@bransonlaw.com

United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801
Email: USTP.Region21.OR.ECF@usdoj.gov

Jill E Kelso
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Email: jill.kelso@usdoj.gov

Jerrett M McConnell
McConnell Law Group, P.A.
6100 Greenland Road, Unit 603
Jacksonville, FL 32258
E-mail: trustee@mcconnelllawgroup.com

# EXHIBIT 1

FIRST FEDERAL BANK
PO BOX 5062
TROY MI 48007-5062

1009 4TH STREET LLC  LEESBURG CAR REPAIR LLC
2164 ESTEVEZ DR
LADY LAKE FL 32159-9518

1009 4TH STREET LLC  LEESBURG CAR REPAIR LLC
2164 ESTEVEZ DR
LADY LAKE FL 32159-9518

FIRST FEDERAL BANK
PO BOX 5062
TROY MI 48007-5062



**First Federal Bank**

PO Box 5062 Troy MI 48007-5062

February 9, 2024

1009 4TH STREET LLC
LEESBURG CAR REPAIR LLC
2164 ESTEVEZ DR
LADY LAKE, FL 32159-9518

Subject: **Please provide wind insurance information for:**
**Property Address:** 1009 SOUTH 14TH ST
LEESBURG, FL 34748
Loan Number: ▮▮▮▮▮▮▮▮▮▮

Dear 1009 4TH STREET LLC LEESBURG CAR REPAIR LLC:

We have not received the insurance information we previously requested for the property location shown above. At your expense, we have purchased the insurance described below to protect our interest in the property.

We will cancel this insurance coverage as of the effective date of an acceptable replacement policy that you provide. If this effective date is not the same as or prior to your old policy expiration date of October 27, 2023 there will be a premium charge for the lapse in coverage.

We urge you to contact your insurance agent immediately and have them provide us with current, written evidence of sufficient insurance coverage. The mortgagee clause on the policy should read: First Federal Bank, ISAOA / ATIMA. The information can be mailed to the address at the top of the page, or faxed to our Customer Service Department at 248-878-2413. Please be sure all correspondence to First Federal Bank includes your loan number 0000190815581.

**The coverage we purchased is limited and may not adequately protect your interest. It does not cover the following: loss, damage or theft to personal property; worker's compensation; injuries to persons or property for which you may be liable; or damages due to flood or earthquake. The cost of your insurance will be approximately $ 3,885.01 annually.** You must pay us for any period during which the insurance we buy is in effect but you do not have insurance. If your account is non-escrowed, we will establish an account and charge you accordingly. An insurance document providing proof of coverage must be received in order to have this lender-placed insurance cancelled.



PO Box 5062 Troy MI 48007-5062

If you have any questions, please contact a representative in our Customer Service Department toll free at 855-862-4207. Your call may be monitored for quality assurance.

Insurance Department
First Federal Bank

Encl: Please review the additional information provided in this transmittal.

BIND – 09/18/2018          TTY Service is available by contacting 711          v.01/01/2017



## LENDER-PLACED INSURANCE
## EVIDENCE OF WIND INSURANCE

| | |
|---|---|
| **MASTER POLICY NO.:** | █████████ |
| **NAMED INSURED:** | FIRST FEDERAL BANK |
| **ADDRESS:** | 4705 U.S. Hwy 90W<br>Lake City, FL 32055 |
| **LOAN NUMBER:** | █████████ |
| **LOCATION OF PROPERTY INSURED:** | 1009 SOUTH 14TH ST<br>LEESBURG, FL 34748 |
| **INSURED AMOUNT:** | $ 200,000.00 |
| **EFFECTIVE DATE:** | FROM: 10/27/2023   TO: 10/27/2024<br>OR UNTIL CANCELLED |
| **ANNUAL PREMIUM:**<br>(This is not an invoice.) | $3,885.01<br>(Including applicable taxes and fees) |

The insurance coverage procured through the master policy(ies) referenced above has been requested by the Named Insured. The master policy(ies) has been issued by Certain Underwriters at Lloyds in respect of coverage and limits ordered by the Named Insured. All coverage is subject to the terms, conditions and exclusions expressed in the policy(ies) and is subject to a deductible as defined by the policy(ies).

The Evidence of Insurance is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend or alter the coverage, terms, exclusions, conditions or other provisions afforded by the policy(ies) referenced herein.

THIS DOCUMENT IS ISSUED AS EVIDENCE OF INSURANCE ONLY. IT DOES NOT CONSTITUTE A LEGAL CONTRACT OF INSURANCE.



PO Box 5062 Troy MI 48007-5062

If your obligation for this account was previously discharged in a bankruptcy proceeding, and if the obligation was not reaffirmed, this letter is being sent for informational purposes only. We are not attempting to collect, recover, or offset the discharge debt as your personal liability.